Eastern District of Kentucky
F I L E D
SEP 24 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

JOHN BURNS,

    Plaintiff,

v.

KENTUCKY DEPARTMENT OF
CORRECTIONS,

    Defendant.

Case No. 5:19-cv-00383-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

John Burns is a state inmate confined at the Roederer Correctional Complex. Proceeding without an attorney, Burns recently filed a complaint on the Court's provided civil rights complaint form for 42 U.S.C. § 1983 actions. [R. 2.] The Court previously granted Burns's motion to proceed *in forma pauperis* and now conducts an initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Upon this preliminary screening, Burns's complaint will be dismissed.

In his complaint, Burns explains that in August 2016, he was sent to work at the cattle farm affiliated with the Blackburn Correctional Complex. While working, a cow "bucked/kicked" him and caused him to lose consciousness. [R. 1 at 4.] Burns was taken to the University of Kentucky hospital where he received emergency

1

surgery because of broken ribs from a ruptured spleen and internal bleeding. The complaint states that "Inmate Burns to this date from the time of the incident is still and will be in constant pain for the remainder of his life." [*Id.* at 5.] The complaint seeks twenty million dollars in total damages and identifies Jonathan Grate, the Acting Commissioner of the Kentucky Department of Corrections, as the sole defendant. [*Id.* at 2, 6.]

For several reasons, Burns's complaint fails to state a claim upon which relief can be granted, making dismissal on screening appropriate under 28 U.S.C. § 1915(e)(2). First, although Burns used the provided form for a 42 U.S.C. § 1983 civil rights action, the complaint fails to actually allege a violation of Burns's civil rights. In fact, the complaint fails to identify **any** constitutional right, federal law, or state law that would form the basis for a federal lawsuit. Perhaps Burns would have the Court imply a constitutional violation as a result of his injuries, but even if the Court were to do so and find an implied Eighth Amendment allegation, the facts suggest that Burns received full and appropriate medical care following the incident. That Burns has ongoing pain from his recovery does not suffice to state an Eighth Amendment claim for deliberate indifference to his medical needs. In any event, although the Court does afford additional latitude to *pro se* parties, there are limits to the leniency it can provide. *See, e.g., Brown v. Matauszak,* 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled

2

out in his pleading."). Burns simply cannot proceed with a § 1983 case where he identifies no constitutional right or federal law forming the basis of the lawsuit.

Furthermore, to the extent Burns hoped to bring a claim for tort damages under Kentucky state law alone, that claim would not be appropriately before the undersigned. In the absence of any basis for federal jurisdiction—i.e., the absence of an alleged constitutional violation by any person acting under color of state law—the Court will not evaluate a possible claim for intentional infliction of emotional distress, or any other tort, under Kentucky state law. *See, e.g., United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725-26 (1966).

Notably, the incident Burns complains of also predates the filing of the complaint by more than three years. [R. 1 at 4 (alleging Burns sustained his injuries in August 2016).] The statute of limitations for § 1983 claims in Kentucky is one year. *See* KRS 413.140(1)(a); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). While an expired statute of limitations is ordinarily an affirmative defense, a claim that is plainly barred by the applicable statute of limitations can still be dismissed for failure to state a claim. *See, e.g., Jones v. Bock*, 549 U.S. 199, 216 (2007). Here, Burns provides no explanation as to why he is filing his claim now, as opposed to three years ago, and the Court seriously doubts the timeliness of any allegation he wished to bring.

3

Finally, it is not at all clear that the sole named defendant, Acting Kentucky Department of Corrections Commissioner Jonathan Grate, is liable for anything related to Burns's complaint. Burns names Acting Commissioner Grate in both his official and individual capacities. But Burns never suggests that Grate was personally involved with his injury or subsequent treatment such to make Grate somehow individually liable. [*See* R. 1 at 4-5.] And naming Grate in his official capacity is, in effect, a claim directly against the state agency which employs him—in this case, the Kentucky Department of Corrections. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (explaining that individuals sued in their official capacities "stand in the shoes of the entity they represent"). The Kentucky Department of Corrections, an agency of the state of Kentucky, enjoys sovereign immunity in this § 1983 federal court action because immunity has not been expressly waived. *See, e.g., Walker v. Dep't of Corr.*, 238 F.3d 426 (Table), 2000 WL 1828876 (6th Cir. Dec. 6, 2000).

For all of these reasons, Burns's complaint fails to state a claim upon which relief may be granted. Dismissal is therefore appropriate on screening, *see* 28 U.S.C. § 1915(e)(2), and the Court hereby **ORDERS** as follows:

1. Plaintiff Burns's complaint [R. 1] is **DISMISSED**;

2. This action is **CLOSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

This the 24th day of September, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge